Parker, J.
The first question, which arose in the trial of this cause, respected the evidence of the plaintiffs title, he claiming by virtue of a sale under an execution; but producing no evidence of such sale, except by paroi proof of the doings of the officer. This objection was overruled at the trial; but, upon consideration, the Court is of opinion that it ought to have prevailed; that the property did not pass to Hammatt, so as to enable him to maintain trespass against the officer; for that a written return by the officer, stating particularly his proceedings, is necessary to vest in any purchaser under an execution, a property in the goods of the debtor. If the sale were otherwise valid, the proper remedy of the purchaser is by an action of the case against the officer, for failing to make his return; but he cannot make title to the goods, without showing, by the return of the execution, that the directions of the law have been observed in the sale, (a)
*133 But there is another objection, which goes more directly to the plaintiff’s claim in this action ; and that is, * that on the payment by Hammatt, a joint debtor in the execution, and liable to pay the whole, the execution was discharged, and the judgment satisfied, notwithstanding an entry of satisfaction was not made upon the execution. Peterson, the creditor, had received all his money : he could not afterwards have legally caused the execution to be levied; nor could he have authorized Hammatt to have it done, he being a party to it, and obliged to pay it. The judgment was satisfied by this payment; and, if a suit had been brought upon it, the receipt given by Ames would have been perfect evidence of payment. The execution was functus officio. Wyman was therefore right in considering the sale to Hammatt as void, and in making no return upon the execution. (b)
The only way attempted to get rid of this difficulty was, to con sider the payment of the money by Hammatt as no payment, with respect to one moiety of the debt, which it was supposed Jones ought to have paid. And the jury were permitted to make that distinction, and upon it found their verdict for the plaintiff.
But there was no room for such distinction. One of the judg ment debtors paid the whole execution, and this gave him a right of action against his fellow-debtor, but did not keep alive the execution for his benefit.
We are of opinion, also, that the circumstances attending this sale clearly show a trust and confidence between Hammatt and Jones, which would avoid the sale as to any bona fide creditor; and that the verdict, as to this point, is altogether against evidence, there being nothing in the case tending in any degree to abate the violent presumption, arising from the loose nature of the transaction, that the whole was for the benefit of Jones, and that no change of property between him and Hammatt was intended to take place, (c)
The opinion of the Court therefore is, that the verdict be set aside, and a new trial granted.

 [In Ladd vs. Blunt, (4 Mass. Rep. 402,) Parsons, C. J., seems to have considered a sale of goods upon execution as valid, even in case the officer should neglect to make any return upon the execution. And in Howe vs. Starkweather, (17 Mass. Rep. 243,) Parker. C. J., on the authority of Titcomb vs. The Union Marine Fire Ins. Co., (8 Mass. Rep. 335,) said, “ Generally a purchaser of chattels at a sheriff’s sale, having received the goods and paid for them, would have the property, notwithstanding any irregularity of the officer making the sale. Purchases would not be made, and the interests of debtor and creditor would suffer, if sales made by one having lawful authority, and appearing to have exercised it lawfully, should be avoided on account of some irregularity, which could not be known at the time.” But he added, “ Even in such cases, however, the return of the officer ought to show a compliance with the law, or the purchaser would be unable to maintain his property.” Why would not as great, or even greater, inconvenience and mischief result from holding all sales to be a nullity, where the officer should neglect to malte a return in due form upon the execution ? In Ingersol vs. Sawyer, (Pick. 276,) the Court express a doubt whether, even in *133 the case of a sale of an equity of redemption, the purchaser might not maintain a title under the sale, even without any return whatever. In Jackson, ex Dem.. Kane, vs. Sternbergh, (1 J. C 153,) it is held that the title of the purchaser will not be affected by an incorrect return to a fieri facias. In Farne vs. Hamilton, (1 Bay, 10,) it was held that a sale of lands was valid, though no return was made of the execution. And, in Evans vs. Rogers, (2 Nott & M' Cord, 563,) it was held that the title need not be evidence by a return. — Ed.]

 [Vide Reed vs. Pruyn, 7 Johns. Rep. 426. — Ed.]

 [According to more recent decisions, this matter was exclusively within the province of the jury, who upheld the sale. — Reed vs. Wilmot, 7 Bing. 503. — Latimer vs. Batson, 4 B. Cr. 653 —Martindale vs. Booth, 3 B Ald. 507.—And see cases cited "n a note in Rand's ed. Long on Sales, p. 115. — Ed.]