Parker C. J.,
delivered the opinion of the Court.
Whether the default in this action was rightly entered or not, depends upon the question, whether the judgment upon which the *128 execution issued, whereby the plaintiff was committed, was satisfied before the institution of this suit; for if it was, the execution must have lost its power, having no judgment to rest upon. We think it immaterial whether payment was made before or after the issuing of the alias execution. If before, the execution issued improvidently or fraudulently, and would be therefore void ; if after, its virtue was gone, and the plaintiff could not lawfully be held in prison under it.
It is objected that if the plaintiff was not lawfully held, this process does not lie, because he might go at large, or have an action of false imprisonment if detained. But it is no answer to the suit, to say that the plaintiff had another remedy, as was settled in the case of Lovejoy vs. Webber, cited in the argument. Nor can it be allowed the defendants to set up the unlawfulness of their own acts, in defence of the plaintiff’s complaint in the present suit.
Our statute, which provides the form of the writ of audita querela, refers to the common law for the principles by which the suit is to be governed; and by the common law, the writ lies although another remedy may exist (3). If a man be taken in execution, after the judgment shall have been satisfied, audita querela is a proper remedy, although trespass might lie against the creditor: so if, after being committed, he shall pay the judgment, and still be detained by order of the creditor. In these cases, the aggrieved party might be relieved by habeas corpus from his imprisonment. But facts may be in dispute, which it is proper a jury should try; and therefore this process is more suitable r * 159 j than a habeas corpus. Moreover, * in this suit, by our statute, the party may recover damages for his imprisonment, and thus in one suit obtain his liberty, and his damages for the violation of it, instead of being obliged to resort to his action of trespass, after the proceedings upon the habeas corpus shall have peen determined.
There is no objection, then, to this process, provided .the facts upon which it is founded, viz., payment and satisfaction of the judgment were sufficiently made out at the trial. The facts stated in the judge’s report must be taken to be true, as the defendants submitted to a default.
It appears, then, that the plaintiff was committed on the 11th of March, 1819, upon an alias execution which issued upon a judgment recovered at the preceding November term of this Court, against him and one John Peters jointly ; that the first execution, which was returnable on the first Tuesday of March, was returned *129 unsatisfied, without the express consent, but with the knowledge and acquiescence of the present defendants, who were the judgment creditors; they having taken the personal responsibility of the officer who had the execution for the amount of the debt and costs, to be paid by him on the 20th of March. At the time of the commitment of the plaintiff, the defendants had in truth no further interest in the execution, relying altogether upon the contract of the officer. The attorney testifies that it was not the intent of the parties to discharge the judgment, but that the same should remain unsatisfied, in order that Peters, out of whose funds the officer was to comply with his contract, might by an alias execution coerce payment of one half the debt from the plaintiff. This could not lawfully be done. The judgment was virtually satisfied; and it may be doubted, whether the judgment creditors could afterwards have resorted to their execution, if the officer had failed to pay.
But without determining this point, it is sufficient, to maintain this suit, that while the plaintiff remained in prison, the debt was paid by the officer, with the funds of * Peters, [ * 160 ] one of the judgment debtors. This must be considered as payment, notwithstanding the contrivance for the benefit of Peters. If an action had been brought upon the judgment, it could have been defeated by this evidence, on the plea of payment. Authorities need not be cited to show that a payment by one joint debtor discharges both. An obligation is thereby raised against the other to pay his proportion ; but the suit would be an equitable one, and the defendant would be let in to show that he had paid, or that he ought not to pay, according to the equitable circumstances in the case.
To allow the debtor, who pays, to avail himself of the execution, would be to give him an undue advantage, and enable him to exact the whole debt, or to prevent such equitable set-offs as his companion might have against him. The case of Hammatt vs. Wyman & Al., cited in the argument, is decisive of this point. The facts in that case cannot be distinguished, so far as they affect the principle, from those which occurred in the case at bar.
The creditors in truth received satisfaction of their judgment; and the intention proved was only to set off an appearance against the reality, for the purpose of enabling the debtor, who had paid the money, to do what the law would not authorize him to do Judgment must therefore be entered for the plaintiff.

 Slat. 1780, c. 47.—1 Roll. 304, l. 25, 305, l. 20, 22 —Jones, 90. -Strange, 1108