## WATTS AND JOYNER vs. ISAAC NORTON.

### Fi. Fa.

When the process of the Court is attempted to be used oppressively, and against justice, as by levying an execution after judgment had been satisfied, the Court will grant relief *upon motion.*

And if it requires information of matters of fact, it will cause an issue to be made up for that purpose.

And where the party moving, was not prepared with his proofs, and modified his motion by asking for a rule on the plaintiff to shew cause at the next term, the 'Court granted the motion, but without stay of proceedings.

A Court of Equity under such circumstances, is the proper tribunal to grant relief.

### By LAW, Judge.

TWO motions were presented to the consideration of the Court in this case. The defendant in the execution has made an affidavit of illegality, under the provisions of our Judiciary Act of 1799, upon which the Sheriff returned the execution to this Court, from whence it had issued. The plaintiff in execution moves to set this affidavit aside, upon the ground, that the execution issued legally, and that the objection stated in the affidavit to the enforcement of the execution, is founded upon the allegation of subsequent payment and satisfaction.

It is unnecessary that the Court should decide upon this motion, since the defendant, having been unprepared to sustain the facts set forth in his affidavit, has virtually abandoned that proceeding, and submitted to the Court a distinct motion, founded upon affidavit, for an order *nisi* upon the plaintiffs, to shew cause at the next term of the Court, why satisfaction should not be entered up, upon the judgment. When the process of the Court is attempted to be used oppressively and against justice, as by levying an execution, after the judgment had been satisfied, the party was formerly driven for relief to the writ of *audita querela,* and subsequently, by

PART II.—T. 2.

an indulgence of the Courts, almost every case in which *audita querela* was necessary, is now disposed of *upon motion*, and if the Court requires information, it will direct an issue to be made up for that purpose.

It is therefore perfectly regular and proper that the defendant should come before the Court *upon motion* for relief in this case; but he is not prepared to shew the payment stated in the affidavit, and therefore has modified the motion which he ought to have made, by asking for a rule upon the plaintiffs in execution to shew cause, &c. at the next term. There can be no objection to granting this order; it is perfectly harmless, and can only operate upon the plaintiffs as a notice, unless it be extended in its terms, to *stay in the mean time all proceedings upon the execution;* and it is asking too much of a Court of law to suspend its proceedings, and hang up a party after judgment, upon an affidavit like this. If the defendant had been prepared with his proofs, from the controlling power which a Court retains over its own judgments, he could have found relief here upon the motion. *But as it is,* he must apply to a Court of Equity, if his object be to suspend the proceedings upon the execution; which Court, whilst it stops the plaintiffs, can put the defendant upon terms, and require him to give security for any sum that may be found due.

The defendant will therefore take his order, restricted simply to a rule upon the plaintiffs to shew cause at the next term of this Court, why satisfaction should not be entered upon the said judgment.

See the following authorities: 2 Cain. 254. 10 Mass. *Webb* vs. *Lovejoy.* 17 Mass. 153. 1 John. 532. 1 Strange, 40. 2 Saun. 148, c. 1 Boss. & P. 429. 1 Wil, 331. Doug. 196. 1 Salk. 93. 4 Burr. 2287. Barns, 130. Cowp. 727.

John C. Nicoll, for plaintiffs—John Millen, for defendant.

WILLIAM READ AND OTHERS, COMPL'TS. AND JOHN I. DEWS AND
OTHERS, DEF'TS.

## In Equity.   Bill for Injunction.

Injunction granted to restrain the Sheriff from paying over money made on sale of an estate, un-
der executions issued by individual creditors thereof, where such injunction was prayed for
by bill in the Superior Court, alleging that complainants had filed a bill in the Circuit Court
of the United States, for the District of Georgia, claiming a specific *lien* on said estate, and
preference over individual creditors, which claim was still pending and undetermined.

### By LAW, Judge.

THE complainants allege by their bill, that they are entitled to a
proportion of property, or in lieu thereof, a sum in money, un-
der a deed which they allege to be a conveyance in trust from
the Hon. *James Read* to the late Gen. *Jacob Read* : that to
establish and recover this claim, they have filed their bill of
complaint in the Circuit Court of the United States for the dis-
trict of Georgia, which is now pending and undetermined : that
by the said bill they claim to be preferred to the individual cre-
ditors of Gen. *Jacob Read,* because, they say they have a *lien*
upon the specific property which passed into his hands, under
the said trust deed, by virtue of said deed; and that they are
also entitled to a preference under the Act of Georgia, passed
in 1799, entitled an Act for the better protection and security of
orphans and their estates.   It also appears that the defendant
*John I. Dews,* the Sheriff of Chatham County, by virtue of sun-
dry executions, issued upon judgments against the estate of said
Gen. *Jacob Read,* in favor of the other defendants, has levied
upon all the negroes of the estate, and advertised them for sale.
It is alleged, that, unless by the interference of this Court the
sale is arrested, or the monies arising therefrom sufficient to sa-
tisfy the claim of complainants be stopped in the hands of the
Sheriff, the complainants will be defeated in their rights.

[Read, et. al. vs. Dews, et. al.]

R. W. HABERSHAM, & G. W. OWENS, for complainants—JOHN C. NICOLL. for defendants.