## JONATHAN BOWDITCH *vs.* DANIEL B. GREEN.

Where one of two sureties gives collateral security for the payment of the debt for which he is surety, his co-surety does not, by paying that debt, become entitled to the benefit of that security.

The holder of collateral security for a debt has no authority to transfer that security after the debt is paid : Payment of the debt, by whomsoever made, discharges such security.

ASSUMPSIT on a promissory note of the defendant for $ 135, dated November 29th 1836, and made payable to the plaintiff, or his order, on demand with interest.

The execution of the note being proved, at the trial in the court of common pleas, before *Williams*, C. J. the defendant gave in evidence a receipt, signed by the plaintiff, dated May 13th 1839, (which was before the commencement of this action,) wherein he acknowledged full payment of said note by the defendant. The plaintiff thereupon undertook to prove that the note was transferred to and became the property of Benjamin Porter, before the payment thereof by the defendant to the plaintiff, and that this action was commenced and prosecuted by said Porter for his own benefit. To prove this, he read in evidence to the jury the following statement, made by Robert Fuller, which the parties to this suit agreed was true :

In 1837, said Fuller commenced an action against Charles B. Porter, a son of said Benjamin Porter, for a debt of more than $200 and less than $300. The plaintiff and said Benjamin Porter, in settlement of that action, presented to said Fuller two notes signed by said Charles B. Porter, and became sureties thereon. These notes were dated July 7th 1837 ; one for $113·75, payable in three months, and the other for $150, payable in six months. The plaintiff, a short time afterwards, delivered to said Fuller the note on which the present action is brought, as collateral security ; but did not indorse it. When the two notes signed by Charles B. Porter became due, said Fuller gave notice to said sureties that they were not paid. He also gave notice to the defendant, in April or May 1838, that the note now in suit was transferred as abovementioned. The defendant did not pay the note, and declared that he was unable to pay it at that time. Said Fuller called on said sureties for payment of the two other notes, and offered to give up to Benjamin Porter the note now in suit, if he would pay the said notes on which he was surety. Charles B. Porter paid $52·29 on account of said notes, on the 5th of October 1837 ; and a daughter of said Benjamin Porter paid $30 on account thereof, on the 4th of April 1838. Said Benjamin paid on said notes $100, on the 12th of July 1838, and the balance, viz. $105, including $8·42 interest, and $15 costs of a suit com·

menced thereon by said Fuller ; and said Fuller thereupon delivered the note now in suit to said Benjamin.

Upon this evidence, the judge instructed the jury that the defendant was by law entitled to a verdict, and they returned a verdict accordingly. The plaintiff alleged exceptions.

*Sparhawk*, for the plaintiff. As Benjamin Porter paid the notes on which he was co-surety with Bowditch, and Fuller thereupon delivered to him the note in question, he has a right to sue upon it in Bowditch's name. *Jones* v. *Witter*, 13 Mass. 304. *Allen* v. *Holden*, 9 Mass. 133. A surety, who pays the debt, succeeds to all the rights of the creditor. *Norton* v. *Soule*, 2 Greenl. 341. *Clason* v. *Morris*, 10 Johns. 524. The case is not varied by the fact that the note in suit was originally the property of Bowditch. Story on Bailm. § 300. Fuller had authority to transfer the note, as Bowditch did not pay the debt. Story on Bailm. § 308. 2 Salk. 522. 3 Salk. 267. *Jarvis* v. *Rogers*, 13 Mass. 105. 1 Story on Eq. § 499 *Caldwell* v. *Roberts*, 1 Dana, 357.

*Leland*, for the defendant. This note was pledged to secure payment of Charles B. Porter's notes by one or the other of the sureties, or by the principal. Fuller's special property in it was devested on his receiving payment of those notes, and he had no authority to hold it, or to transfer it, for any other purpose. *Parks* v. *Hall*, 2 Pick. 210, 211. *Overlock* v. *Hills*, 8 Greenl. 383. Story on Bailm. § 339. See also *Hammatt* v. *Wyman*, 9 Mass. 138.

WILDE, J. Upon the facts proved and admitted at the trial, the jury were instructed that by law the defendant was entitled to a verdict ; and we think it very clear that they were rightly so instructed. The note sued had been paid to the nominal plaintiff before the commencement of the action ; and the only question was, whether the note, at the time, was his property. It had been before pledged to Robert Fuller, as collateral security for the payment of notes to him from Charles B. Porter ; but those notes were afterwards paid, and Fuller's lien on the note in suit was thereby discharged. It was paid, it is true, by Benjamin Porter, who prosecutes this suit in the

name of Bowditch, and to whom Fuller delivered the said note on receiving payment from him. But Fuller had no right to transfer the note ; his lien thereon having been discharged. It makes no difference that Benjamin Porter and Bowditch were co-sureties for Charles B. Porter. They were jointly liable to Fuller, but the payment by one discharged both ; and the cases of *Hammatt* v. *Wyman*, 9 Mass. 138, and *Brackett* v. *Winslow*, 17 Mass. 153, are directly in point. If Benjamin Porter had been a surety for Bowditch, the case of *Norton* v. *Soule*, 2 Greenl. 341, cited by the plaintiff's counsel, might be applicable ; but whether, in such a case, the present action could be maintained, it is not necessary to express any opinion.

Upon the facts agreed, there can be no doubt that the notes to Fuller have been paid, and it is immaterial by whom they were paid ; for by whomsoever payment was made, the collateral security was *ipso facto* discharged.

*Exceptions overruled.*