By the Court,

Bronson, J.
When a judgment is satisfied, there is no longer any power to sell, and it is difficult to see how a title can be acquired even by a bona fide purchaser without notice of the payment. (Sherman v. Boyce, 15 John. R. 443; Jackson v. Cadwell, 1 Cowen, 622; Woodcock v. Bennett, id. 711; Carter v. Simpson, 7 John. R. 535 ; Jackson v. Anderson, 4 Wend. 474; Lewis v. Palmer, 6 id. 367; Swan v. Saddlemire, 8 id. 676; Hammatt v. Wyman, 9 Mass. R. 138; King v. Goodwin, 16 id. 63.) The general rule is, that a purchaser under a power buys at his peril, and however innocent he may be, we have not been referred to any case which holds that he can acquire a title without showing a *568 valid subsisting power. Jackson v. Morse, (18 John. R. 441,) seems to go the whole length of settling the doctrine the other way. The plaintiff in that case was a bona fide purchaser under a tax sale by the comptroller. But on proof that the taxes had been paid before the sale, it was held that the plaintiff acquired no title. I am unable to distinguish that case, in principle, from one where there has been a sale under a satisfied judgment.
If a purchaser can acquire a title under a satisfied judgment, it must be on the ground that there has been some fault on the part of the judgment debtor. If he stands by without taking any measures to arrest the sale, and without giving notice of the payment, and suffers a purchaser in good faith to part with his money, he may be estopped from afterwards alleging the payment to defeat the title of the purchaser. (See Per Savage, Ch. J. in Jackson v. Cadwell, 1 Cowen, 622, 644.) In the case at bar, Brackett, the debtor, was present at the §ale under the Hulburt judgment, and said nothing about the payment. But there are two difficulties in the way of setting this up as an estoppel. 1. Lawrence was not a bona fide purchaser. He had full notice that the judgment had been paid, and the debtor was not in fault in omitting to tell him what he very well knew already. If a third person had bid, it may be that the judgment debtor would have spoken. 2. But if the debtor was estopped, Cyril H. Brackett was a judgment creditor having a lien on the land, and I do not see how he could be concluded, or his lien be destroyed, by any neglect or other fault on the part of the debtor.
I may here notice a suggestion of the defendant’s counsel, that there was a fraudulent arrangement between the debtor and Lawrence, to keep the Hulburt judgment on foot after it had been satisfied. Be it so. However such an arrangement may affect the parties to it, neither they, nor persons claiming under them, can derive any benefit from the fraud as against innocent third persons. The defendant claims under Lawrence, a party to the fraud; and he seeks to defeat the plaintiff, who claims under Cyril H. *569 Brackett, who had nothing to do with the fraudulent arrangement.
The case finally comes to this. Lawrence acquired nothing by his purchase. Instead of taking a deed himself, he directed the sheriff to give the deed to the defendant. Standino- thus in the shoes of Lawrence, I do not see how the defendant can make out a valid title as against the purchaser under the judgment of Cyril H. Brackett. If the defendant paid any thing for the assignment—and it seems to have been assumed on the trial that he did—he must look to Lawrence for an indemnity; or if that resource fail, the loss must be his misfortune.
If the evidence left any room for doubt that the judgment has been satisfied, the judge should have left that question to the jury, with instructions that if the judgment was paid the plaintiff was entitled to a verdict.
New trial granted.