Stanley *v.* Nutter.

*Trustee charged.*

## STANLEY *v.* NUTTER.

The payment of an execution by one of two co-debtors, is a payment and discharge of it as against both.

Such payment will have the effect of a discharge of the execution, equally whether it be applied and indorsed upon the execution or not.

When an execution has been in fact paid and discharged by one of two co-debtors, and that fact is known to an officer having it for collection of the proper share from the other co-debtor, the execution will furnish him no justification for the act of taking and selling the property of such other debtor, although the payment be not indorsed upon it, and the execution be apparently valid, upon the face of it, and issued in fact from a court having competent jurisdiction over the cause.

TROVER, for the wood work of a single wagon and a single sleigh, alleged to have been converted by the defendant, June 28, 1843. The general issue was pleaded.

It appeared in the evidence that Hazen Wheeler and George L. Nutter recovered a judgment in the court of Common Pleas, in Belknap county, February term, 1843, against the plaintiff, Stanley, and one Wallace; that the property of Wallace had been attached, and, to prevent

its being sold, Wallace paid to the creditor's attorney the amount of the execution, and took a receipt and assignment of the execution to collect of Stanley his moiety thereof; but did not have the execution discharged in any part, but directed the defendant, a deputy sheriff, to seize the plaintiff's property and sell the same upon the execution, for his benefit; and the defendant did attach and sell the property in question, and this was the conversion complained of. The evidence further showed that the defendant, at this time, had knowledge of the facts before stated. The court instructed the jury that the payment of the amount of the execution to the attorney was a full discharge of the execution, and that the same was completely satisfied and discharged and inoperative, and the defendant was liable for the property sold upon it.

The jury returned a verdict for the plaintiff; and to this ruling of the court the defendant excepted, and moved to set aside the verdict, and for a new trial, for alleged error therein.

*Norris & Butters*, for the plaintiff.

*Nesmith & I. A. Eastman*, for the defendant.

WOODS, J. In *Davis, Adm'r*, v. *Stevens*, 10 N. H. 186, it was decided, that when a note was paid by one of two joint promisees, and it was agreed betwixt such joint promiser and the payee that the payment should be kept secret, and only half the amount of the note should be indorsed, and the balance should be collected by the payee for such promiser, that such payment was a discharge of the note, so that suit could not be sustained upon it, and that the co-promiser was liable only for contribution.

Also, in *Brackett* v. *Winslow & a.*, 17 Mass. 153, where one of two judgment debtors paid the sum due, but, instead of the execution being returned satisfied, it was,

with the assent of the creditors, returned unsatisfied, and an *alias* execution was taken out, upon which the other judgment debtor was committed, with the view to compel him to contribute his share of the debt for the relief of him who had made the payment; upon *audita querela*, it was held, that the *alias* issued improvidently, and that the imprisonment under it was unlawful.

Again, in *Hammett* v. *Wyman & a.*, 9 Mass. 138, when one of two judgment debtors paid to the creditor's attorney the amount of the judgment, taking his receipt and discharge therefor, but the payment was not indorsed on the execution, it was held that the execution could not afterward be served on the other debtor for his moiety of the debt, for the benefit of him who had made the payment. This was an action of trespass, for taking and carrying away sundry goods of the plaintiff. The plaintiff's title which was set up was thus acquired: One Peterson had obtained an execution against Hammett & Jones, and Hammett paid it, and then gave it to a deputy sheriff, with the instruction to levy the same on Jones' property and sell it. The sheriff sold the property accordingly, and Hammett purchased it at the sale. It was decided that the judgment was discharged, and the sale inoperative to pass the property. It was remarked by the court, that if a suit had been brought on the judgment, the receipt would have been perfect evidence of payment.

It would seem to be well settled by the cases referred to, that where one joint promiser or debtor has paid to the payee or creditor the amount of a note or execution, that such payment operates as an extinguishment and discharge of the note or execution, equally whether it be considered in relation to the party paying, or the promiser or debtor who has failed to pay his proper share. It is immaterial whether the sum paid be indorsed upon the note or execution or not. The payment alone operates as a discharge in either case.

And it would seem to be distinctly decided, that as between the parties to executions, they are by such payments rendered mere nullities, and will not avail to protect the creditors therein against an action for an alleged unlawful imprisonment thereon ; nor will such execution, according to *Hammett* v. *Wyman*, avail to pass the title to the personal property sold thereon to the debtor who has thus paid the share of his co-debtor. Even the strong equity that would seem to exist in favor of the debtor who has paid the share of his co-debtor, is holden to give no force, in that case, to an execution extinguished by payment. The case under consideration finds that the execution therein described was paid by Wallace, who was a co-debtor therein with the plaintiff. The execution, then, so far as it regards the plaintiff in relation to Wallace his co-debtor, and Wheeler and Nutter the creditors, was a mere nullity ; nor would it afford either of the parties to the process a protection against any injury sustained by reason of any use made thereof, even by the aid of a duly commissioned officer. In this case, then, the question is, whether the defendant, who was merely an officer and not a party to the execution, was justified in the sale of the property upon the execution. As a general rule, an officer is justified in the due and proper execution of a legal process which is valid upon the face of it, and which discloses to him no evidence nor notice of any defect in its constitution, and has issued from a court or magistrate having jurisdiction of the cause. *Cloutman* v. *Pike*, 7 N. H. 209. If it be good in form and derived from proper authority, whether issued by a tribunal or magistrate of competent jurisdiction over the cause, the officer is bound to look no further, and is justified in its due execution. But an officer is not under obligation to serve a void process, and he incurs no liability by a refusal to execute it—most certainly if it be void upon the face of it—nor for neglecting to serve it on one who is in any

way privileged against the process. *Green* v. *Edson,* 2 N. H. 293.

The process under consideration was not void upon its face, and was 'issued from a court of competent jurisdiction. But the amount of the execution was paid, and the execution thereby extinguished, and discharged, and rendered void, prior to the levy upon the property. Was the officer liable for the sale of the property by virtue of it, or was he protected by it? The principle well recognized in the decisions is, that when the process is void, and the officer is informed of it by the process itself, it will not protect him in its execution or service : so, also, when it is void from want of jurisdiction over the cause in the tribunal issuing it. In principle or in reason, can it make any difference that he is informed and receives the notice that the process is void? We think not; and, accordingly, that an execution discharged by payment known to an officer, can not protect him against liabilities for acts done in virtue or under color of it, whether that knowledge be disclosed by the process itself, or otherwise acquired. There must be

*Judgment on the verdict.*