### JEDEDIAH ADAMS *vs.* RUSSELL DRAKE.

Payment of an execution by one of several defendants, so far extinguishes the same that it cannot be subsequently assigned to the debtor paying it, and be levied by him on land of the other debtors.

WRIT OF ENTRY for certain land in Stoughton. The case was submitted to this court on a statement of facts which, so far as material, were as follows: On the 28th of September, 1850, Josiah Gay recovered judgment against the plaintiff, William Drake, and five other persons, on a joint note signed by the seven, and execution issued thereon, October 9th, 1850. Adams, the plaintiff, on the 16th of the same month, paid the whole of said execution to the person having it for collection, and Gay's attorney gave him a receipt in full discharge of the execution, which was not however indorsed thereon. On the 17th of October, 1850, said Gay duly assigned said execution to Adams, the present plaintiff, authorizing him to levy it upon any property of William Drake, one of the judgment debtors, for his just share of the debt, and on the same day Adams levied said execution upon the demanded premises, as the property of said William Drake, which had also been attached on mesne process by said Gay, the execution creditor

After said levy, said William Drake duly conveyed the premises to the tenant who had no knowledge of the levy. The question involved was, whether the levy of the demandant was valid, inasmuch as the execution was fully paid and discharged by the demandant before any assignment to him of the judgment, and any levy of the execution. The case was argued and determined at the October term, 1852.

*E. Ames,* for the demandant.

*A. L. Cushing,* for the tenant.

Dewey, J. Whatever may have been the purpose of the party paying the execution of Josiah Gay to his lawful attorney, or however effectual to secure the continuance of the judgment in full force and operation as against the property of all the judgment debtors, a different state of facts existing at the time of making the assignment might have proved, it seems quite clear to us that by the payment made by Adams, one of the judgment debtors on the 16th of October, 1850, the judgment and execution were wholly discharged, and satisfied. This payment by one of the judgment debtors was in law a payment by all, and operated as a full discharge of the execution, leaving the party paying it to his remedy by action against his codebtors for their proportionate liability. The receipt, though not indorsed on the execution, operated equally to discharge it, because it was in terms an acknowledgment of full payment of the same. This payment was on the day previous to the assignment of the execution by the judgment creditor. The case falls within the principle of the cases of *Hammatt* v. *Wyman,* 9 Mass. 138, and *Brackett* v. *Winslow,* 17 Mass. 153.

In view of the facts in the present case, it has become unnecessary to consider more particularly the cases of *Hodges* v. *Armstrong,* 3 Dev. 253, and *Sherwood* v. *Collier,* 3 Dev. 380, cited by the counsel for the demandant. There was nothing here for the assignment to operate upon, and no legal rights resulted from it, authorizing a levy of the execution on the estate of said William Drake. The result is, therefore, that the demandant is not entitled to maintain his action.

*Demandant nonsuit.*