Battle, J.
 

 We
 
 are of opinion that the defendants have no just cause of complaint against the judgment which was rendered in the Court below. Had the sheriff returned the exetion in favor of the plaintiffs with an entry “of satisfied” endorsed thereon, the plaintiffs would have been bound by if.— Or had money been paid to and received by the sheriff in satisfaction of the execution, it would have been discharged, whether the fact of payment were endorsed or not, and the plaintiffs would not have been authorized to take out an alias/
 
 Murrell
 
 v.
 
 Roberts,
 
 11 Ired. Rep. 424;
 
 Hammett
 
 v.
 
 Wyman,
 
 9 Mass. Rep. 138. But as the sheriff did not receive from the defendants payment in money, and made no entry of satisfaction on the execution in favor of the plaintiffs, the question arises, were they bound by the act of the sheriff in taking “judgments against sundry persons” in lieu of money? Ue are decidedly of opinion that they were not. These judgments were not articles whieli the sheriff had the power to sell under plaintiffs’, execution.
 
 Pool
 
 v.
 
 Glover,
 
 2 Ired. Rep. 129, and it could not therefore be deemed to have been satisfied by them.
 

 As the plaintiffs have not appealed from the order directing satisfaction to the amount of two hundred dollars to be entered on their judgment, we cannot, and do not decide, whether the order was rightfully made or not. The judgment from which the defendants appealed, was, as we have shown, proper and must be affirmed.
 

 Pee Curiam, Judgment affirmed.