## WILLIAM A. HOLMES *vs.* JOHN S. DAY.

In an action by A. against B., an attachment of B.'s property on mesne process was dissolved upon a bond given by him with C. and D. as sureties. A. recovered judgment against B., which was not paid; and then brought suit on the bond, recovered judgment therein against B., C. and D., and arrested B. on the execution issued on this judgment. B. applied to take the oath for the relief of poor debtors, and entered into a recognizance under the Gen. Sts. *c.* 124, § 10, with E. as surety, to deliver himself up for examination. After a breach of the condition of the recognizance, C. and D. paid the amount of this judgment to A., with the costs accrued thereon, and brought an action in his name, for their own benefit, against E., on the recognizance. *Held,* that they could not maintain the action.

CONTRACT against the surety in a recognizance taken by a magistrate under the Gen. Sts. *c.* 124, § 10. Writ dated November 1, 1870. The parties stated the following case to the superior court:

"On August 12, 1869, William A. Holmes brought an action of contract against William S. Matthews, and caused the attachment upon mesne process of certain personal property belonging to Matthews. On August 13, the attachment was dissolved by Matthews giving bond, with John E. Maynard and George W. Calef as sureties. Holmes recovered judgment against Matthews in this suit, at April term 1870 of the superior court in this county, to wit, on May 4, 1870, for $191.32 damages, and $29.15 costs. This judgment not having been paid, Holmes brought an

action upon the bond, and at July term 1870 of the superior court aforesaid recovered judgment against William S. Matthews, John E. Maynard and George W. Calef, for $228.34 damages, and $10.52 costs. A writ of execution issued upon said judgment, in due form of law, on July 30, 1870; the affidavit and certificate required by law were annexed to the execution; and Matthews was duly arrested by a proper officer on September 8, 1870, and on the same day brought before a master in chancery for this county; and then and there Matthews as principal, and the present defendant John S. Day as surety, entered into the recognizance declared on in this case. Matthews did not observe, perform or keep the condition named in the recognizance, but committed a breach thereof by not appearing for examination within the time stated. On October 31, 1870, Maynard and Calef paid to Holmes the amount of his judgment against Matthews and themselves, together with costs accrued upon the same, amounting in the aggregate to $253.73, and immediately thereafter caused the present action to be brought upon the recognizance, for their own benefit, in the name of Holmes as plaintiff, against said John S. Day as defendant. There is no dispute but that Maynard and Calef have a valid claim against Matthews for the amount paid by them."

If on these facts the plaintiff was entitled to recover, he was to take judgment for an agreed sum; otherwise judgment was to be given for the defendant. The superior court ordered judgment for the defendant, and the plaintiff appealed.

*W. C. Williamson*, for the plaintiff.

*R. Stone, Jr.*, for the defendant,

MORTON, J. If a judgment debtor, who has been arrested upon execution, and has entered into a recognizance with surety under the Gen. Sts. *c.* 124, pays the judgment, the surety is thereby discharged. Payment of the judgment in full is a satisfaction for all damages for a breach of the recognizance, and no cause of action remains against the surety. In the case at bar, there were three joint judgment debtors; one of them was arrested on the execution, and entered into a recognizance, with the defendant as surety, and after a breach of the recognizance the

other two paid the judgment in full. As a general rule, payment of a judgment by one of several joint debtors extinguishes the judgment as to all. *Hammatt* v. *Wyman*, 9 Mass. 138. *Brackett* v. *Winslow*, 17 Mass. 153. *Adams* v. *Drake*, 11 Cush. 504. We think, in this case, the payment of the judgment by Maynard and Calef was a satisfaction, and extinguished the claim for damages against the defendant. The doctrine of subrogation does not apply. Maynard and Calef, for whose benefit the suit is brought, and the defendant, were sureties for Day under different contracts. There was no privity of contract between them. We can see no reason for holding, as between these parties, that the liability of the defendant was principal and primary, and that of Maynard and Calef secondary. If the defendant had been compelled to pay this judgment under his recognizance, he would have had a claim, as strong as that now urged by Maynard and Calef, to be subrogated to the rights of the plaintiff, and to continue the judgment in force against them.

*Judgment for the defendant.*