JOHN MARSH, Respondent, v. ALEXANDER N. BENEDICT, Sheriff, etc., Appellant.

*Judgment against maker and accommodation indorser.— right of latter to pay and take assignment of judgment.*

The holder of a promissory note recovered a judgment thereon against the maker and an accommodation indorser, and an execution thereon was issued to the sheriff. Subsequently other judgments were recovered against the maker, and executions placed in the hands of the sheriff. A levy was made on personal property of the maker, but insufficient in amount to cover the first judgment. Subsequently the accommodation indorser paid the holder the amount of the first judgment, and took an assignment thereof.

In an action to determine to whom the money realized on the sheriff's sale should be paid, *held*, that the payment of the judgment by the accommodation indorser and the taking of an assignment thereof by him, did not operate to extinguish the same, and that he was entitled to have the money in the hands of the sheriff applied upon the same.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*Samuel S. Edick*, for the appellant. The judgment in favor of the First National Bank was not satisfied and discharged when Peter Seeber, one of the judgment debtors, paid the same at the bank and took an assignment thereof. (*Clason* v. *Morris*, 10 Johns., 524; *Cory* v. *White*, 3 Barb., 12; *Kelsey* v. *Bradbury*, 21 Barb., 531.) It is only when the judgment is obtained against joint debtors that payment by one defendant operates as a satisfaction of the judgment. (*Morley* v. *Stevens*, 47 How., 228; *Harbeck* v. *Vanderbilt*, 20 N. Y., 395; *Booth* v. *Farmers' Bank*, 11 Hun, 258.) The two defendants in the bank judgment were in no sense joint debtors, and hence the assignment of the judgment to the indorser was no satisfaction thereof. (*Alden* v. *Clark*, 11 How., 209; *Goodyear* v. *Watson*, 14 Barb., 481.) The rights and obligations of Peter Seeber were fixed and determined when he became accommodation indorser, and were not altered or changed by the fact that judgment had been obtained on the note. (*Hubbell* v. *Curran*, 5 Barb., 250; *Bangs* v. *Strong*, 4 N. Y., 315; *S. C.*, 7 Hill, 250.)

*E. Countryman,* for the respondent. The payment of the bank execution by Peter Seeber, one of the execution debtors, was a payment of that judgment and execution as against other execution creditors, who had obtained liens upon the debtor's property, and entitled them to have the moneys collected by the sheriff applied on their executions in preference. (*Bank of Salina* v. *Abbott,* 3 Denio, 181; *Ontario Bank* v. *Walker,* 1 Hill, 652; *Craft* v. *Merrill,* 14 N. Y., 456; *Harbeck* v. *Vanderbilt,* 20 N. Y., 395; *Booth* v. *Farmer's etc., Bank,* 11 Hun, 258; *Shumway* v. *Cooley,* 9 Hun, 131; *Adams* v. *Drake,* 11 Cush., 504; *Holmes* v. *Day,* 108 Mass., 563; *Hull* v. *Sherwood,* 59 Mo., 172; *Copis* v. *Middleton,* 1 Turn. & Russ., 224–231; Same Case, 12 Eng. Ch. R., 223; *Hodgson* v. *Shaw,* 3 Mylne & Keene, 183; Same Case, 10 Eng. Ch. R., 183; *Wiggins* v. *Dorr,* 3 Sumn., 419; 1 Story's Eq. Juris., §§ 499, b. c. d.)

LEARNED, P. J.:

The action is, in part at least, for the refusal to return executions. The refusal is not denied. There is, therefore, a technical right of recovery. But the defendant may mitigate the damages in such cases; and, in strictness, it would be for the defendant to show that he could not have made the money within the life of the executions.

But the cause seems to have been tried on the theory that the sheriff had made such money as he could out of the debtor in the execution, such being substantially the testimony of the deputy sheriff; and that the question to be tried was where this money should be applied. The complaint itself alleges that the sheriff has in his hands moneys applicable to these executions, and the defense in the answer is, that the moneys are applicable elsewhere.

We ought, then, on this appeal, to examine the questions raised, as they were tried at the Circuit. And the inquiry is whether the moneys now in the sheriff's hands are applicable to the plaintiff's judgment. If they are, the judgment appealed from is correct. If they are not, then the plaintiff should have had only a nominal judgment.

On the 22d of October, 1873, the Bank of Commerce of Cooperstown recovered a judgment against Jacob Seeber, as maker,

and Peter Seeber, as indorser, of a promissory note.   Peter Seeber was an accommodation indorser.   The same day an execution thereon was issued to the defendant against both of those defendants.

On the 12th of November, 1873, one Randall recovered a judgment against Jacob Seeber, and an execution thereon was issued the same day to the defendant.   This judgment has been assigned to the plaintiff.

On the 17th of November, 1873, the plaintiff recovered a judgment against Jacob Seeber, and an execution was issued thereon the same day to the defendant.

A levy was made on personal property of Jacob Seeber, but it does not distinctly appear at what time.

About the first of June, 1874, Peter Seeber purchased from the bank the aforesaid judgment recovered by it against himself and Jacob, paid the bank therefor and took an assignment thereof.

On the 22d day of July, 1874, the defendant sold all the property of Jacob Seeber in the county, and made therefrom $410. At the time of the sale, he had in his hands the bank execution, the plaintiff's executions, and, it would seem, other executions also.   While the fact does not distinctly appear, yet it seems to have been assumed that the sale was made by virtue of a levy made under these several executions.

The plaintiff now claims that the purchase by Peter Seeber from the bank of its judgment, and his payment thereof on receiving an assignment, was a payment of the judgment and execution as against other execution creditors.   The defendant, on the other hand, insists that the money in his hands is applicable first on the bank execution.   The amount of that execution is more than the money in his hands.

The plaintiff's counsel urges that the case of *Harbeck* v. *Vanderbilt* (20 N. Y. 397), is conclusive on this case.   In that case a judgment upon a joint contract was recovered against several defendants.   One of the defendants paid his aliquot share, one-seventh and gave his note to the plaintiffs, with an indorser, for the remainder.   At the same time the attorney of that defendant took an assignment of the judgment to himself as security for that indorser.   The indorser paid the note.   It was held that he might

enforce the judgment. Nothing therefore was decided in that case favorable to the defendants' views. Judge SELDEN remarks that where one of several defendants against whom there is a joint judgment pays the other party the entire sum, the judgment becomes thereby extinguished. But however correct the remark may be, it was *obiter*. And the important fact is that in that case the original contract was joint. Neither of the defendants was a surety for the others.

So also the counsel for the plaintiff cites *Booth* v. *Farmers and Mechanics' Bank* (18 S. C. N. Y. [11 Hun], 258.) But the decision in that case is shown by the learned justice who wrote the opinion to rest on the fact that "as between the parties to the judgment it was the joint obligation of all." Again the learned justice says: " as between the parties themselves the debt was in equity a joint debt." It is true that Flint was in fact a joint debtor. And because he was in fact such joint debtor his payment of the debt discharged it.

So again the counsel for the plaintiff cites *Shumway* v. *Cooley* (16 S. C. N. Y., 131.) But the same circumstances appeared in that case. The person who paid the judgment was a principal debtor, one of three partners. He was not a surety.

The case of *Adams* v. *Drake* (11 Cush., 504,) is one of joint debtors. That of *Holmes* v. *Day* (108 Mass., 563,) was between parties all of whom were sureties.

Now in the present case Peter Seeber was the surety and Jacob Seeber was the principal debtor. The recovery of the judgment did not change their relation to each other. (*Bangs* v. *Strong*, 4 N. Y., 315.)

The rights of the parties as between each other were especially saved by section 7, of chap. 276, Laws of 1832, which authorized the joinder of drawer and indorser as defendants. They are not joint debtors, although sued in the same action. (*Farmers' Bank* v. *Blair*, 44 Barb., 641; *Kelsey* v. *Bradbury*, 21 Barb., 530 at 540; *Corey* v. *White*, 3 Barb., 12.) If they were joint debtors, then if Jacob had paid the debt he could have called on Peter for contribution. But this plainly he could not do. And, as it appears to us, the error of the counsel for the plaintiff lies in the assumption that the defendants Jacob and Peter had become sim-

ply joint debtors. It is scarcely necessary to cite authorities to show that a surety who pays a debt is entitled to be put in the place of the creditor, and to have all the means which the creditor possessed to enforce payment against the principal debtor. (*Lewis* v. *Palmer*, 28 N. Y., 271.) It is said that he is entitled to an assignment of the debt. (*Ellsworth* v. *Lockwood*, 42 N. Y., at p. 98.) But we need not inquire whether the creditor can be compelled to assign the debt. For in this case he has done so voluntarily. And an important part of the security which the creditor had was the lien of the execution on Jacob Seeber's property. It was substantially as if Jacob Seeber had given a chattel mortgage to the bank to secure the debt. If Peter Seeber had paid the bank and had taken an assignment of the debt, the lien of the mortgage would have passed to him. (*Eno* v. *Crooke*, 10 N. Y., 60.)

It has sometimes been said that when a surety pays the debt, he is not entitled to have the debt assigned to him; because the assignment of a debt which had been paid would be a nullity. But if the creditor held collaterals of the principal debtor as a pledge, would the payment by the surety discharge those collaterals ? If the debt is utterly extinguished, how can the collaterals be held ? Yet it is fully settled that the surety is entitled to the collaterals. It matters not what it be, if there be any property of the principal debtor on which the creditor has a lien for the debt, the surety is entitled to the same lien when he has paid the debt of his principal. No wrong is done to the plaintiff. The bank had a lien prior to his. This lien has not been discharged by the principal debtor. It has been transferred to one who stood as surety. (*Wilkes* v. *Harper*, 2 Barb. Ch., 338.) The view we have taken has been held in other cases in this court. (*Corey* v. *White*, 3 Barb., 12; *Goodyear* v. *Watson*, 14 Barb., 481; *Alden* v. *Clark*, 11 How., 209.)

The judgment should be reversed and a new trial ordered, costs to abide the event.

Present—LEARNED, P. J., and BOCKES, J.; OSBORN, J., taking no part.

Judgment reversed and new trial granted, costs to abide event.