GEORGE W. GREEN vs. JUSTICES OF THE MUNICIPAL COURT
OF THE CITY OF BOSTON.

Suffolk. February 24, 1919. — April 11, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

Judgment, Extinguishment. Surety. Payment. Poor Debtor.

If a surety upon a supersedeas bond to vacate a judgment, upon failure of his principal to satisfy a judgment later rendered against him in the action and by reason of a demand made by the creditor for satisfaction of the judgment by the surety, pays to the creditor the amount due upon the judgment and receives from the creditor an assignment of the judgment and of his rights to enforce an alias execution issued thereon, the surety and the creditor intending by the transaction "that there should be a sale of the execution and to keep said judgment and the alias execution issued thereon alive and unsatisfied," the judgment is not satisfied and the surety thereafter may institute and prosecute poor debtor proceedings against the debtor to enforce payment of the alias execution.

PETITION, filed in the Supreme Judicial Court on June 25, 1918, for a writ of prohibition prohibiting the judges of the Municipal Court of the City of Boston from "issuing and affixing a certificate to the execution authorizing your petitioner's arrest" in poor debtor proceedings and directing them "to discharge said petitioner and dismiss said proceedings."

The petition was heard by Crosby, J., upon an agreed statement of facts. The material facts agreed to are stated in the opinion. The single justice denied the petition; and the petitioner alleged exceptions.

The case was submitted on briefs.

D. B. Beard, for the petitioner.

H. G. Allen & C. H. Donahue, for the respondents.

DE COURCY, J. The Dalton-Ingersoll Company, (hereinafter called the creditor,) sued the petitioner Green, (hereinafter called the debtor,) and on July 23, 1917, recovered judgment in the sum of $562.28 and costs. The debtor reduced the amount of the judgment to $339.34 by payments at various

times; and on April 9, 1918; an alias execution issued for that amount.

On October 25, 1913, in order to vacate a judgment in the case occasioned by the default of the debtor, it had become necessary for him to give a supersedeas bond and the Fidelity and Deposit Company of Maryland became surety thereon. This surety company on demand paid to the creditor on April 17, 1918, a sum equal to the balance then due on the execution, and took an assignment of the judgment, together with the creditor's rights to enforce the execution. The petitioner admits, if material, that the creditor and the surety company "intended by this transaction that there should be a sale of the execution and to keep said judgment and the alias execution issued thereon alive and unsatisfied." The surety company in the name of the creditor instituted proceedings against the debtor on the alias execution in the poor debtor session of the Municipal Court of the City of Boston. The judge of that court found that the debtor was possessed of money, and ordered him to produce sufficient to satisfy the judgment. On his refusal to obey the orders of the court a certificate for his arrest was authorized. Thereupon he brought this petition for a writ of prohibition; it was heard by a single justice of this court on an agreed statement of facts and the petition was denied.

The petitioner relies on the general doctrine that payment of a judgment or debt by one of several joint debtors extinguishes the judgment or debt as to all. *Holmes* v. *Day,* 108 Mass. 563, and cases cited. See 68 L. R. A. 513 note. But that rule is not applicable to the facts here presented. The surety company was not a party to the judgment, or to the action in which it was entered. That action was not brought on the bond, on which the surety was contingently secondarily liable to the creditor, but on the original claim against the debtor. The surety was under no liability to the creditor on the execution. Further, the surety company did not pay the judgment against the debtor, but bought and took an assignment of it, on the express agreement that the execution should remain alive. It is not denied that the debtor is primarily liable, and should eventually pay the debt; nor is it suggested that any equities exist between the debtor and the surety company which require ad-

justment. The ruling of the single justice was in accordance with our decisions. *Taylor* v. *Van Deusen,* 3 Gray, 498: *Barry* v. *Curley,* 202 Mass. 42. *Hunneman* v. *Lowell Institution for Savings,* 205 Mass. 441.

*Exceptions overruled.*