Rollins, J.
This is an action of contract. The case was submitted to the trial judge upon the plaintiff’s declaration and the defendant’s answer.
The declaration alleges the defendant made a promissory note to Brockton Morris Plan Company on which the plaintiff joined as a maker as an accommodation to the defendant without any consideration therefor; that judgment was obtained on said note by Brockton Morris Plan Company against this defendant and this plaintiff; that a writ of execution issued on January 11, 1927; that this plaintiff paid said judgment on October 14, 1927, and that this plaintiff is subrogated to the rights of the Brock- *11 ton Morris Plan Company and is entitled to recover from the defendant the amount paid by him, the plaintiff, plus interest from October 14,1927.
The defendant’s answer alleges that the plaintiff’s writ in this action is dated May 17, 1940,, and consequently this action was not commenced within six years from October 14, 1927 and is therefore barred by the provisions of General Laws Chapter 260, Section 2 requiring the commencement of actions within six years after the cause of action accrues.
The trial judge ruled “that upon the dates set forth the statute of limitations (six years) applies” and found for the defendant.
The case was reported to this Court upon the stipulation that if the six year statute of limitations applies, then the report is to be dismissed, but if it does not apply, then the defendant is to be given leave to answer over.
General Laws Chapter 260, Section 2 reads in part as follows:
“The following actions shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues:
First, Actions of contract founded upon contracts or liabilities, express or implied, except actions upon judgments ... of courts of record of . . this or any other State of the United States.”
The plaintiff contends that, having paid the judgment, he should be subrogated to the rights of the judgment creditor (Brockton Morris Plan Company) and should be allowed to sue the defendant upon the judgment, which should be kept alive for this purpose. The plaintiff further contends that his cause of action, being upon a judgment, is not barred in six years. See General Laws Chap *12 ter 260, Section 2 above quoted, and also Haynes v. Blanchard, 194 Misc. 244.
The law of England and many of the states, either by statute or by judicial decision, now seems to be in accordance with the contention of the plaintiff as above set forth. See Williston on Contracts Section 1268 and cases there cited. But such is not the law of this Commonwealth.
It has here been consistently held that if a judgment has been paid in full by a judgment debtor, or by one of several judgment debtors, it is extinguished and cannot be later sued upon by anyone. Hammat v. Wyan, et al., 9 Mass. 137; Brackett v. Winslow, et al., 17 Mass. 153; Adams v. Drake, 11 Cushing, 504; New Bedford Institution v. Hathaway, 134 Mass. 69, 71; Williston on Contracts, Section 1268.
The case of Allen v. Holden, 9 Mass. 133, cited by the plaintiff, is clearly distinguishable from the above cases. In that case the judgment was not paid by the judgment debtor and was never extinguished.
The ruling of the trial judge that the plaintiff’s cause of action was barred by the six year statute of limitations was correct, and, in accordance with the stipulation, the Report is dismissed.