## Ritter *et al. versus* Singmaster *et al.*

1. An endorsed note was discounted by a bank for the drawer, at maturity he took it up by a similar note on which the endorsements were forged, and destroyed the original note; he took up the second note by another note with forged endorsements. *Held*, that taking the last two notes in renewal did not extinguish the original note.

2. The record of the protesting notary being proved to contain a true copy of the first note, was admissible in evidence.

3. The bank who discounted the first note was entitled to recover, on proof of its destruction and the genuineness of the signatures.

March 21st 1873. Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lehigh county :* Of January Term 1873, No. 192.

This was an action of assumpsit, commenced January 24th 1871, by James Singmaster and others, trading as the Millerstown Savings Bank, against John M. Ritter and Peter Marck.

The plaintiffs filed a declaration, averring that Erwin Burkhalter, on the 20th of September 1870, made a promissory-note for $1000, payable to the order of the defendants, at the Millerstown Savings Bank, in ninety days, and the defendants endorsed it to the plaintiffs; that the note was not paid at maturity, and that the defendants were notified, &c.

They afterwards filed another declaration, averring: In the first

[Ritter *v.* Singmaster.]

count that Burkhalter, on the 8th of April 1870, made a promissory note to the defendants, promising to pay $1000 at the Allentown National Bank in ninety days, and the defendants endorsed it to the plaintiff, but it was unpaid at maturity, and the defendants were notified, &c.

The second count was upon another note for $800, by the same drawer to the defendants, dated July 2d 1870, payable in ninety days at the Millerstown Savings Bank, endorsed by the defendants to the plaintiffs, and remaining unpaid, and they notified of the non-payment, &c.

The third count was on a note by the same drawer to the defendants, dated July 8th 1870, for $1000, payable at the Millerstown Savings Bank in sixty days, endorsed to the plaintiffs, remaining unpaid, and the defendants notified, &c.

The case was tried November 14th 1872, before Longaker, P. J. On the trial the plaintiffs withdrew their claim upon all the notes, but that dated April 8th 1870, payable at the Allentown Bank. The evidence was that this note was discounted at the plaintiff's bank for Burkhalter, and that at maturity it was unpaid and protested, the endorsers being notified.

On the 26th of July 1870, Burkhalter brought to the bank another note, dated July 8th, for $1000, drawn by himself, payable to the defendants in sixty days, with the defendants' names endorsed. This note was taken by the plaintiffs as a renewal of that of April 8th, which was then given up to Burkhalter; it was unpaid and protested, notice being sent to the endorsers. Burkhalter in November brought to the bank another note for $1000, dated September 9th 1870, payable to the defendants in ninety days, with their names endorsed on it. This note was received by the plaintiffs in renewal of the note of July 8th, which was then delivered to Burkhalter; being unpaid, it was protested, the defendants being notified.

Burkhalter testified that the endorsements on the notes of July 8th and September 9th were forgeries, and that he had destroyed the note of April 8th.

The plaintiffs then called Samuel Colver, the notary public, who produced his record and testified that a copy of note in the record was a true copy of the note of April 8th. The court then, under objection by the defendants and exception, admitted the notary's record of the protest of that note in evidence.

Numerous points, not necessary to note, were submitted by each party.

The court amongst other things charged: * * *

"The plaintiffs have shown by testimony which is not disputed, that this note was delivered after protest to Erwin Burkhalter, the maker, by the bank receiving another note from him of same amount, and signed by Burkhalter, and purporting to be endorsed

23 P. F. Smith—26

[Ritter *v*. Singmaster.]

by the defendants. This second $1000 note is now admitted by the plaintiffs to be a forgery as regards the names of the defendants, and this fact is not disputed; when this second note fell due, a third note of $1000 signed by Erwin Burkhalter, with the names of the defendants forged as endorsers, was received by the bank, and the second note was delivered to Erwin Burkhalter. As a matter of law I say to you that the receiving of notes whose endorsements were forged, will not amount to a payment of a genuine note or extinguish the right of action against the defendants as endorsers upon the first note, if that first note dated April 8th 1870, drawn by Burkhalter and endorsed by the defendants, bears their genuine signatures.

"The only question therefore for your consideration as a matter of fact is, as to the signatures of the defendants, are these signatures genuine? If you find the signatures genuine, then the plaintiffs will be entitled to recover whatever remains due and unpaid on this note." * * *

The verdict was for the plaintiffs for $1049.03.

The defendants took out a writ of error and assigned sixteen errors; amongst others the admitting the notary's record in evidence and the charge of the court.

*C. J. Erdman* and *J. D. Stiles*, for plaintiffs in error:—As to the extinguishment of the original note by taking the forged notes, cited, Chitty on Bills 173; Hill *v*. Bostick, 10 Yerger 410; Letcher *v*. Bank, 1 Dana (Ky.) Rep. 84.

*W. H. Lowden* and *E. Harvey*, for defendants in error:—As to the same point, cited Eagle Bank *v*. Smith, 5 Conn. 71; Packford *v*. Maxwell, 6 Tenn. R. 52; 2 Parsons on Notes 595; Ramsdale *v*. Horton, 3 Barr 330; Watson *v*. McLaven, 19 Wendell 587.

The opinion of the court was delivered, May 17th 1873, by

READ, C. J.—The plaintiffs, who are partners, trading under the name of The Millerstown Savings Bank, are engaged in the banking business in the Borough of Millerstown, in Lehigh county. On the 9th of April 1870, they discounted a note drawn by Erwin Burkhalter and endorsed by the defendants, dated the 8th of the same month, for $1000, payable ninety days after date at the Allentown National Bank. At maturity this note not being paid was protested for non-payment, of which the endorsers had notice. About seventeen days afterwards said Burkhalter brought to the plaintiffs his promissory note, dated 8th July 1870, payable sixty days after date, for a similar amount, to the order of the defendants, and purporting to be endorsed by them, and which was given to the said plaintiffs as a renewal of the note of 8th April 1870. On

[Ritter *v.* Singmaster.]

the 9th September 1870, this note became due, and not having been paid, was protested for non-payment, of which the endorsers had legal notice.

On the 3d November 1870, the said Burkhalter brought his promissory note dated 9th September 1870, to the plaintiffs for similar amount, payable ninety days after date, drawn by himself and purporting to be regularly endorsed by the defendants, which note was again given to the plaintiffs by the said Burkhalter as a further renewal of the antecedent and original debt. On the 11th December 1870, this note was protested for non-payment, of which the defendants had legal notice.

On the 24th January 1871, suit was brought by the plaintiffs on this last note, and on another note for $800 against the defendants. In an affidavit filed by the defendants, the endorsements on these notes were sworn to be forgeries. It was also proved on the trial that the endorsements on the second note for $1000 were forgeries. A *non pros.* was suffered on the counts in the *narr.* on this last note of $800, and an additional *narr.* filed, counting on the first and second notes for $1000.

The first note discounted by the plaintiffs was a genuine one, endorsed by the defendants, protested for non-payment, and due notice of it given to the endorsers, who became bound to pay. The note given on renewal was a forgery and worthless, and the third note given in renewal was also a forgery and enabled the forger to get possession of the first note and the second note, and he destroyed both of them. This note, upon which this suit is brought,—was therefore never paid by these spurious and fraudulent and forged notes which were mere nullities—given in renewal of the first note.

The learned judge was therefore right in saying to the jury: " The receiving of notes whose endorsements were forged will not amount to a payment of a genuine note, or extinguish the right of action against the defendants as endorsers upon the first note, if the first note dated April 8th 1870, drawn by Burkhalter and endorsed by the defendants, bears their genuine signatures."

An exact copy of the first note was proved by the notary who protested it for non-payment and gave legal notice to the defendants, and the record of the notary was also admitted in evidence. This is the real point in the case, and there is nothing in the numerous errors assigned by the defendants.

Judgment affirmed.