H. CLARK THOMPSON *vs.* WAYLAND C. DAVIS, administrator.

Worcester.   November 8, 1916. — January 3, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Appeal, Master.

In a suit for an accounting between alleged partners, an exception to the failure of a master to whom the suit was referred to make any finding as to whether a partnership existed as alleged must be overruled where the report contains findings, supported by subsidiary facts also found, that at the time of the commencement of the suit "there was nothing due from the defendant to the plaintiff," and that the plaintiff "had no interest in" certain parcels of land in which he had alleged that an oral partnership agreement gave him an interest.

Under a rule in a suit in equity directing a master "to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request," the master cannot be required to report any evidence.

Findings of fact in a master's report in a suit in equity cannot be revised on exceptions where the evidence upon which they are based is not reported.

In this suit a denial of motions to recommit a master's report and to discharge the reference to the master were held to have been within the discretionary power of the trial judge.

BILL IN EQUITY, filed in the Superior Court on November 11, 1913, and afterwards amended, seeking an accounting between the plaintiff and the defendant as partners under the circumstances described in the opinion.

The suit was referred to a master under a rule directing him "to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request." Exceptions to the master's report, described in the opinion, were heard by *Callahan*, J., by whose order an interlocutory decree was entered overruling the exceptions and confirming the report. Motions of the plaintiff that the case be recommitted to the master and that the reference to the master be discharged and the case be heard by the court or by another master to be appointed were heard by the same judge and were denied. A final decree was entered dismissing the bill; and the plaintiff appealed.

The case was submitted on briefs.

*B. W. Potter,* for the plaintiff.

*C. M. Thayer, F. C. Smith, Jr., & G. A. Gaskill,* for the defendant.

DE COURCY, J. The plaintiff owned a portable saw mill. At different times between 1892 and 1899 he sawed and prepared for market the wood growing on certain timber lots, which were bought and paid for by the defendant's intestate. The plaintiff has been paid the price agreed upon for sawing and preparing the timber. He now contends that it was orally agreed between them that upon the purchase of each lot he was to have a certain share of the net profits; and this bill, brought in 1913, prays for an accounting of the lumber marketed and for an interest in certain of the wood lots now standing in the name of the defendant's intestate.

The facts as set out in the master's report are meagre. The reason given for this is the unsatisfactory evidence presented by the plaintiff, who kept no written account of the lumber sawed by him. There is no express finding as to whether the relation existing between the parties was one of partnership. This, however, is not vital in view of the findings that "at the time of the bring-

ing of the plaintiff's bill, there was nothing due from the defendant to the plaintiff" and "the plaintiff had no interest in the several parcels of said wood land." These findings are supported by subsidiary ones, such as the settlement and note of 1895, the receipt in full given by the plaintiff in 1901 and the failure of the plaintiff to make any claim for years and until the incapacity of the defendant's intestate.

The exceptions to the master's report must be overruled. They consist of objections to his findings of fact, and to his failure to find certain other alleged facts, together with requests for the report of certain portions of the evidence. Under the rule issued to him the master rightly refused to report the evidence; and in the absence of the same we cannot revise his findings of fact. The motion to recommit the report, and that to discharge the reference to the master, were addressed to the discretion of the judge, and we cannot say that it was exercised wrongly. *Cook* v. *Scheffreen,* 215 Mass. 444. *Nesson* v. *Gilson,* 224 Mass. 212.

The decree confirming the master's report and dismissing the bill must be affirmed. And it is

*So ordered.*