MARY A. CLARK *vs.* FRANK J. YOUNG & another.

Worcester.   September 30, 1918. — October 10, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Jurisdiction,* To cancel instrument. *Payment. Mortgage,* Of real estate. *Equity Pleading and Practice,* Master's report.

In a suit in equity by a married woman seeking to set aside a discharge of a mortgage signed in her name by means of a rubber stamp by her husband on the ground that the execution of the instrument was unauthorized, a master found that the debt secured by the mortgage was paid in full by the mortgagor to the plaintiff's husband acting as her agent and that the money so received

was applied by the plaintiff's husband in paying an obligation of the plaintiff to a trust company, as security for which the plaintiff had pledged the mortgage in question, and it was *held* that the mortgage debt having been paid in full to the plaintiff's authorized agent and the plaintiff having received the benefit of that payment, the defendant mortgagor was entitled to receive from the plaintiff a valid discharge of the mortgage, and that the bill must be dismissed.

In the same suit the plaintiff contended that renewals of her notes to the trust company, which were paid with the money received from the defendant, were made in her name by her husband without her authority, and it was *held* that whether these renewals were unauthorized or not was immaterial, because, if they were unauthorized, they did not operate as payment of the plaintiff's original valid notes to the trust company and left those notes in force until they were paid by the plaintiff's husband with the money received from the defendant in payment of the mortgage debt.

Findings of fact contained in a master's report, which does not report the evidence on which they were based, are not subject to review.

A motion to recommit a master's report is addressed to the discretion of the trial judge.

BILL IN EQUITY, filed in the Superior Court on August 10, 1916, by Mary A. Clark, the wife of Byron Clark, against Frank J. Young and William R. Williams, containing the allegations described in the opinion and praying for an accounting between the plaintiff and the defendant Young as to the amount due to the plaintiff from that defendant, also praying for a decree that the instrument purporting to be a discharge of a mortgage signed by the plaintiff be cancelled, that the plaintiff's mortgage be declared to be prior in time and right to the mortgages held by the defendant Williams and that the defendant Williams be enjoined from foreclosing or attempting to foreclose either of the mortgages held by him.

The case was referred to a master, who made a report containing the findings which are described in his opinion. The plaintiff filed exceptions to the master's report and also filed a motion that the report be recommitted to the master with certain instructions.

The exceptions and the motion were heard by *Wait*, J., who denied the motion to recommit the master's report and made an order overruling the plaintiff's exceptions and confirming the master's report. Later by order of the judge a final decree was entered ordering that the plaintiff's bill be dismissed, and ordering, in accordance with a stipulation of the parties, "that, if the decrees overruling the plaintiff's exceptions, confirming

the master's report and dismissing the plaintiff's bill be finally affirmed, the plaintiff shall thereupon execute and deliver to the defendant Young, or to his attorney of record, a discharge of the mortgage given by the defendant Frank J. Young to the plaintiff, Mary A. Clark, dated February 1, 1909." The plaintiff appealed.

*M. M. Taylor,* for the plaintiff. Captain *M. C. Taylor,* who assisted in the preparation of the brief, was absent on military service in France.

*E. J. McMahon & C. S. Dodge,* for the defendants.

DE COURCY, J. These facts are established by the master's report: Byron Clark of Oxford, the husband of the plaintiff, arranged with his wife for a loan to the defendant Young. The note and mortgage on his farm, given by Young to the plaintiff and dated February 1, 1909, were for $1,000, but in fact only $800 was received and due thereon.

The plaintiff assigned this mortgage to the Worcester Trust Company on December 20, 1910, as security for a note of $800 made by her and her husband, due April 20, 1911. The trust company continued to hold the mortgage to secure this note and its renewals until June 23, 1913. At that time, in accordance with an arrangement made by the defendants Young and Williams, and Byron Clark ("who was acting for the plaintiff and had full authority in the premises"), Williams furnished enough money to obtain a release of the Clark mortgage from the trust company and the further sum of $200 to pay a creditor of Young, and Young gave him a note therefor, secured by a mortgage on his farm. The check for $832.76, (the amount due on the mortgage note from Young to the plaintiff,) was given to Byron Clark and by him was indorsed to the trust company. The mortgage was reassigned by the trust company to the plaintiff, and Byron Clark gave to Young what purported to be a discharge of it by the plaintiff, together with the mortgage and mortgage note. The assignment, the instrument purporting to be a discharge, and the new mortgage to Williams were recorded together on June 23, 1913.

The master finds that the instrument purporting to be a discharge of the plaintiff's mortgage was not signed by her, but that a facsimile of her signature was affixed thereto by her husband, Byron Clark, by means of a stamp, without her knowledge or

authority. He further finds that neither Young nor Williams knew that this signature was a forgery, that both acted in entire good faith, and that Williams furnished full consideration for the note and mortgages given to him.

The plaintiff has brought this bill in equity to have the discharge cancelled and her mortgage declared prior in right to those given to the defendant Williams. Plainly she was not entitled to such relief from a court of equity in view of the following findings of the master: "I find that $832.76 included all that was due from Young on said mortgage, that the payment by said Williams of said sum was a payment to said Worcester Trust Company through said Byron Clark and that it discharged a valid obligation from the plaintiff to said trust company; that it was the intention of said Young, said Clark as agent of plaintiff, and Williams that said payment to said trust company should operate to cancel the debt secured by the mortgage from Young to the plaintiff and I find that it did so operate, and that nothing is now due to the plaintiff on said mortgage." On the facts so found the $832.76 not only was paid to the fully authorized agent of the plaintiff, but she received the benefit of it as completely as if it had been handed to her personally. It follows that the defendant Young, whose debt to the plaintiff has been fully paid, is entitled to a valid discharge of the mortgage securing that debt, — as provided for in the stipulation referred to in the final decree of the Superior Court.

It appears from the master's report that on April 20, 1911, when the plaintiff's $800 note to the Worcester Trust Company became due, there also matured another note for $1,200, made to the trust company by her and her husband. These were taken up by a note for $2,000, which was renewed from time to time. Later $1,000 was paid, and a new note for $1,000 was given. The trust company continued to hold the Young mortgage as security. The plaintiff contended that her signature on the $800 note and that on the $1,200 note were genuine, but that it was forged on all subsequent notes given in renewal thereof or substitution therefor. The master found that there was no evidence of negligence or bad faith on the part of the trust company, and he ruled and found that the claim of that company would not be extinguished by the giving of a forged note. The

plaintiff's exception thereto must be overruled. If the renewal notes were forged they did not operate as payment of the original valid notes. The plaintiff was indebted to the trust company in the same amount whether the renewal notes were forged or genuine. *Walker* v. *Mayo,* 143 Mass. 42. *Central National Bank* v. *Copp,* 184 Mass. 328. *Bass* v. *Wellesley,* 192 Mass. 526.

What we have said disposes of all the plaintiff's exceptions to the master's report except those taken to findings of fact. We cannot review these findings, as the evidence on which they were based is not before us. *Cook* v. *Scheffreen,* 215 Mass. 444.

The motion to recommit the master's report was addressed to the discretion of the judge. *Thompson* v. *Davis,* 225 Mass. 385. We may add that the interlocutory order referring to the reports of the master in other cases was irregular, and has been disregarded. We have considered this case only on the facts and law disclosed by its own record.

*Decree affirmed with costs.*