# Womelsdorf Union Bank v. Royer, Appellant.

*Promissory notes—Joint and several makers—Forged renewal—Discharge.*

In an action of assumpsit on a promissory note, it appeared that the defendant and one B. executed a joint and several note to the order of the plaintiff bank. The bank discounted the note and paid the proceeds to B. and B. at maturity, as well as on two later occasions, offered and the bank accepted in renewal thereof, a note signed by himself, together with the forged signature of the defendant. When the original genuine note was renewed, the bank stamped that note paid and delivered it to B.

Under such circumstances, the surrender by the bank of the genuine note to B. was under a mistake of fact, and the taking of the renewal notes, which were forgeries, did not extinguish the original genuine note.

Argued October 27, 1925. Appeal No. 298, October T., 1925, by defendant from judgment of C. P. Lebanon County, March T., 1925, No. 168, on verdict directed in favor of plaintiff in the case of Womelsdorf Union Bank, Womelsdorf, Pa., vs. Monroe R. Royer. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on a promissory note. Before HENRY, P. J.

The facts are stated in the opinion of the Superior Court.

182    WOMELSDORF UNION BK. v. ROYER, Appellant.

Statement of Facts—Opinion of the Court.    [87 Pa. Superior Ct.

The Court directed a verdict in favor of the plaintiff in the sum of $1554 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in directing a verdict for the plaintiff.

*Ray G. Light,* for appellant.—The bank was guilty of negligence in failing to discover the forgery of the defendant's signature: Myers v. Southwestern Nat. Bank, 193 Pa. 1; McNeely Co. v. Bank of North America, 221 Pa. 588; Connors v. Old Forge D. & D. Bank, 245 Pa. 97; Lesley v. Ewing, 248 Pa. 135; Union National Bank v. Franklin National Bank, 249 Pa. 375; Marks v. Anchor Savings Bank, 252 Pa. 304; Union National Bank v. F. & M. National Bank, 271 Pa. 107.

*Eugene D. Siegrist,* for appellee.—Renewal notes are not an absolute payment: McLaughlin v. Blake, 46 Pa. Superior Ct. 274; Adair v. Decker, 34 Pa. Superior Ct. 153; Ritter et al. v. Singmaster et al., 73 Pa. 400; Second National Bank of Reading v. Wetzel, 151 Pa. 142; West Philadelphia Bank v. Field, 143 Pa. 473.

OPINION BY PORTER, J., February 26, 1926:

The defendant and one Allen S. Brubacher, on May 19, 1924, made their promissory note, in which they, jointly and severally, promised to pay to the order of the plaintiff (hereinafter called the bank) at the bank the sum of $1,600, in one month from the date thereof. The bank upon that day discounted the note and paid the proceeds thereof to Brubacher, one of the makers. The genuineness of the signature of this defendant upon that note is not disputed. When the note became due, on June 19, 1924, Brubacher of-

fered and the bank accepted in renewal thereof, a new note, dated June 19, 1924, in the same amount, payable one month after date, signed by himself and purporting to be signed by the defendant, but the name of the defendant as one of the makers, was forged. Brubacher in like manner, on July 19th and again on August 19th, procured renewals of the loan by the bank by substituting similar notes, upon which the name of the defendant, as maker, was forged. When the original genuine note was renewed, on June 19th, the bank stamped that note paid and delivered it to Brubacher. The note had not been paid in any manner otherwise than by the substitution of the note upon which the name of this defendant was forged. Brubacher absconded on September 17th and was soon thereafter adjudged a bankrupt. The bank subsequently brought an action upon the original note, as to the genuineness and terms of which there was no dispute; it recovered a verdict and judgment in the court below and the defendant appeals.

There is no dispute as to the facts material to the rights of the parties to this action. There was nothing in the evidence which would have warranted a finding that the bank ever intended to release the defendant from his obligation on the original note and look to Brubacher alone. The bank, having received the renewal notes upon the faith that they were valid as to the defendant, might treat them as a nullity and recover upon the original obligation. The surrender of the genuine note to Brubacher was made under a mistake of fact, resulting from his fraudulent misrepresentation. The defendant was not a depositor in the bank and there was no presumption that the officers were familiar with his signature. The taking of the renewal notes, which were forgeries, did not extinguish the original genuine note. "This note, upon which this suit is brought, was, therefore, never

paid by these spurious and fraudulent and forged notes which were mere nullities—given in renewal of the first note"; Ritter v. Singmaster, 73 Pa. 403. "It is unnecessary to discuss so plain a proposition as that the plaintiff bank did not lose its right to recover on the note in suit, because it was surrendered in exchange for a forged note"; Martinez v. Earnshaw, 143 Pa. 479; Second National Bank v. Wentzel, 151 Pa. 142; Central National Bank v. Copp, 184 Mass. 328; Bass v. Inhabitants of Wellesley, 192 Mass. 526; Eagle Bank v. Smith, 5 Connecticut 71. The assignments of error are overruled.

The judgment is affirmed.