ARKY v. COKER.

(Division A. Nov. 30, 1931.)

[137 So. 790. No. 29629.]

J. M. **Travis**, of Meridian, for appellant.

J. A. **McFarland**, of Bay Springs, for appellee.

**McGowen, J.,** delivered the opinion of the court.

Arky, the appellant, sued Coker, the appellee, on two acceptances for fifty and thirty dollars, respectively, drawn by the Southern Radio Company on T. H. Coker, accepted in writing by the latter, and transferred by the drawer to H. Arky, who paid value therefor. In a justice of the peace court judgment was rendered in favor of defendant, appellee here; and plaintiff, appellant here, appealed to the circuit court, where the case was tried de novo, resulting in a judgment in favor of appellee, from which judgment appeal was prosecuted here.

Under section 1587 of the Code of 1930, the defendant in the court below, appellee here, filed an affidavit denying the execution of the acceptances by him. The appellant sought to prove the genuineness of the signature of the acceptor, by comparing handwriting, in which effort he failed. However, H. Arky testified that Coker admitted at Rose Hill that he signed the acceptances; but based his defense thereto on the ground that he had not received the radio, for which the acceptances apparently were executed.

Under section 1587 of the Code of 1930, the party pleading a paper signed by another is not bound to prove the signature thereto, unless and until the party sought to be charged specifically denies the signature, or execution of a paper, by a plea verified by the oath of the party denying the signature. Therefore, Coker, defendant below, appellee here, having denied the execution of the paper, the burden of proof of the signature thereto was upon the plaintiff in the court below. He sought to meet that burden; and the evidence that Coker admitted signing the papers at Rose Hill was admissible competent evidence. See Central Nat. Bank v. Copp, 184 Mass. 328, 68 N. E. 334. Also, see Cain v. Moyse, 71 Miss.

653, 15 So. 115.   The admissions of the party denying the signature, or execution of the instrument, are sufficient to establish the case, and meet the burden imposed upon the plaintiff.   See 8 C. J., p. 1027, section 1342, and authorities there cited.

It follows that the court below was in error in sustaining the motion to exclude this evidence, and in peremptorily instructing the jury to find for the appellee.

Reversed and remanded.