MARY G. PERRY [1] & another *vs.* MARY C. OLIVER &
another.

Bristol.    October 23, 1944. — January 31, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Judgment. Joint Obligation. Bills and Notes,* Consideration, Cancellation.

Satisfaction of a judgment for the plaintiff against one of two defendants
in an action for the amount of a loan made to both defendants discharged the liability of the judgment debtor's codefendant.

The maker of a mortgage note given solely for an antecedent debt owed
by the maker and another to the payee became entitled to a surrender
of the note and a discharge of the mortgage upon satisfaction of the
antecedent debt by the codebtor.

BILL IN EQUITY, filed in the Superior Court on February 3,
1938.

The suit was heard by *Hanify,* J., upon a master's report.

*V. J. Deponte,* for the defendant Oliver, submitted a brief.

*M. H. T. McGregor,* (*J. M. Tracy & F. H. Tracy* with her,)
for the plaintiffs.

SPALDING, J. The plaintiffs, who are husband and wife,
seek, by this bill in equity, to enjoin the defendant Oliver,[2]
hereinafter called the defendant, from foreclosing a mortgage; they also ask for a discharge of the mortgage and a
cancellation of the mortgage note.

The report of the master to whom the case was referred
was confirmed by an interlocutory decree (entered by consent of the parties) from which no appeal was taken. The
findings of fact of the master thus became conclusive between the parties. *Samuel & Nathan E. Goldstein, Inc.* v.
*Dietz,* 284 Mass. 548. A final decree was entered discharging the mortgage and ordering the mortgage note surren-

---

[1] As shown by the last paragraph of the opinion, Mary G. Perry died
before this decision was rendered, and the administrator of her estate entered
an appearance in her stead. — REPORTER.

[2] The bill was dismissed as to the defendant Aldrich, the auctioneer.

dered to the plaintiff Mary G. Perry. The defendant's appeal from this decree brings the case here.

The facts found by the master pertinent to this appeal are these: In 1923 the plaintiffs, having acquired several lots of land in Seekonk, borrowed $1,100 from the defendant (who was the mother of the female plaintiff) to assist them in financing the construction of a dwelling house on one of the lots. This was an unsecured loan and was not evidenced by a note or other writing. In February, 1930, the defendant brought an action at law against the plaintiffs to recover the amount of the loan, and an attachment was made of their real estate.

In December, 1933, the plaintiff Mary G. Perry, for the purpose of protecting the defendant with respect to the loan (no part of which had been paid), gave her a note for $1,100 secured by a mortgage of that plaintiff's interest in the Seekonk real estate.[1] William C. Perry did not join in the note or mortgage. It was found that no fraud was practised on Mrs. Perry in connection with the giving of the note and mortgage. We mention this because the bill alleges that they were procured by fraud.

Prior to September, 1935, nothing was done by the defendant in prosecuting the law action that she had commenced against the plaintiffs. On September 5, 1935, when the case was about to be reached for trial, a conference was held at which the plaintiff William C. Perry, his attorney, and the defendant's attorney were present. Inasmuch as Perry had filed a declaration in set-off alleging that the defendant owed him $1,150.73, it was agreed to settle the case by extinguishing the claim that each had against the other. An agreement for judgment[2] signed by both attorneys was filed in which it was recited that the following entry be made, "Judgment for the Plaintiff in the sum of $1.00, without costs, and Judgment satisfied." No attor-

---

[1] The plaintiff Mary G. Perry owned this as a tenant in common with her husband, with the exception of one lot which was owned by them as joint tenants. In August, 1930, the husband's interest in the real estate was sold on an execution sale following a judgment obtained against him by one Sarrado.

[2] This agreement was under the caption "Mary C. Oliver, Plaintiff, *v.* William C. Perry, Defendant." — REPORTER.

ney representing Mrs. Perry signed this agreement. At the time the agreement was made the existence of the above mentioned note and mortgage was not known to Perry or his attorney, or to the defendant's attorney. Following the filing of the agreement the real estate attachment was discharged as to both plaintiffs. On January 8, 1938, the defendant took steps to foreclose the mortgage, [1] and shortly thereafter the plaintiffs instituted the present proceeding.

The decree of the court below was right. The defendant does not contend that the agreement for judgment and acknowledgment of its satisfaction was in any respect invalid. See *Ansara* v. *Regan,* 276 Mass. 586. On the contrary, the defendant concedes that the liability of Perry was extinguished by it. She asserts, however, that this had no effect on the liability of Mrs. Perry under the mortgage note given by her. We do not agree.

The satisfaction of the judgment against Perry operated as a discharge of the liability of his wife who was a codefendant. It is settled law that the satisfaction of a judgment against one of several coöbligors discharges the others. *Cote* v. *New England Navigation Co.* 213 Mass. 177, 180. *New Bedford Institution for Savings* v. *Hathaway,* 134 Mass. 69, 71. *Savage* v. *Stevens,* 128 Mass. 254. *Holmes* v. *Day,* 108 Mass. 563, 565. *Brackett* v. *Winslow,* 17 Mass. 153, 160. *Gilmore* v. *Carr,* 2 Mass. 171. Am. Law Inst. Restatement: Judgments, § 95. Williston on Contracts (Rev. ed.) § 337. Am. Law Inst. Restatement: Contracts, § 120 (2). See also *Vanuxem* v. *Burr,* 151 Mass. 386, 388. The reason for this rule is plain. Although there are several obligors there is but one debt; therefore the satisfaction of the debt, or of a judgment against one for it, necessarily discharges all. The rule is the same in the case of joint tortfeasors; a satisfaction of a judgment by one of several joint tortfeasors discharges the others. *Porter* v. *Sorell,* 280 Mass. 457, 463. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 219. *Corey* v. *Havener,* 182 Mass. 250. Am. Law Inst. Restatement: Judgments, § 95.

---

[1] Mrs. Perry never made any payments of principal or interest on the note.

Mrs. Perry, having been discharged from liability with respect to the loan, for the reasons stated above, was also released from liability on the note. The consideration for the note was the antecedent debt that arose from the loan; on the facts found by the master there was no other consideration. With the debt (for which the note was given) extinguished, Mrs. Perry was entitled to a surrender of the note and to a discharge of the mortgage. The mortgage was but an incident to the debt. *Brown* v. *Lapham*, 3 Cush. 551. *Crowley* v. *Adams*, 226 Mass. 582. *Clark* v. *Young*, 231 Mass. 156. *Fuller* v. *Fuller*, 234 Mass. 187. *Cooperstein* v. *Bogas, ante*, 341.

The plaintiffs' bill contains allegations that the note and mortgage were procured by the fraud of the defendant and, as stated above, this was not proved, but we think enough appears in the bill to warrant relief on the principles herein discussed.

It appears that since the entry of the final decree the plaintiff Mary G. Perry has died and that her husband, the plaintiff William C. Perry, has been appointed administrator of her estate. He, in his capacity as administrator, has filed an appearance in the case. The final decree, therefore, is to be modified so that the defendant will be ordered to deliver up the note to William C. Perry as administrator of the estate of Mary G. Perry instead of to Mary G. Perry, as the decree provides, and, as so modified, is affirmed with costs.

*So ordered.*