549 P.2d 593

**Willie Lynn SHIRLEY, Petitioner,**

v.

**Honorable T. J. MAHONEY, Respondent,
TRANSPORT CLEARINGS, INC.,
Real Party in Interest.**

**No. 2 CA–CIV 2166.**

Court of Appeals of Arizona,
Division 2.

May 19, 1976.

Otto H. Linsenmeyer and Frank E. Dickey, Jr., by Frank E. Dickey, Jr., Phoenix, for petitioner.

Mandel E. Himelstein, P. C., by Gloria Aguilar, Phoenix, for real party in interest.

## OPINION

HATHAWAY, Judge.

Petitioner, defendant in a pending civil action instituted by real party in interest, seeks relief in this court from an order denying her motion to dismiss and motion for summary judgment. Since we agree with petitioner that she was entitled to dismissal of the complaint, we assume jurisdiction and grant relief.

The record discloses the following. The complaint filed against petitioner (Cause No. 29258) alleged inter alia that on October 21, 1974, a judgment was entered against Elzie Shirley, petitioner's husband, in favor of Transport Clearings of Los Angeles, a corporation, in the amount of $9,548.00 plus interest thereon at the rate of 6% per annum until paid, which represented an open account obligation incurred by the business known as Elzie Shirley, which business was owned by Elzie and petitioner, husband and wife. The complaint further alleged that the aforesaid judgment represented an obligation of the marital community. Transport Clearings asked for judgment against petitioner in the sum of $9,548.00 together with interest thereon at the rate of 6% per annum, costs, and such further relief as the court deemed just.

Petitioner's motions were based on the pleadings and documents of record in Pinal County Superior Court Cause No. 27734, and documents of record in the office of the Pinal County Recorder. Appended to the motions were certain documents which were part of the file in Cause No. 27734, and the respondent court was asked to take judicial notice of the proceedings in that cause.

The pertinent documents in Cause No. 27734 reflect that Transport Clearings filed a complaint against Elzie Shirley alleging an open account indebtedness in the sum of $9,523.50 which the defendant has refused to pay. The case was tried on July 1, 1974, and on October 21, 1974, the respondent judge entered judgment against Elzie Shirley in favor of Transport Clearings in the sum of $9,523.50 plus accrued costs in the amount of $24.50, for a total of $9,548.00 plus interest thereon at the rate of 6% per annum until paid. Thereafter a writ of execution issued and a sheriff's sale with respect to certain real property belonging to the judgment debtor was held on August 11, 1975. The sheriff's return recited that the property was sold to Transport Clearings of Los Angeles for the sum of $10,177.62, said sum being the highest bid for the property, that the purchaser had been given a certificate of sale and that a duplicate thereof had been filed for recording in the office of the Pinal County Recorder. It also recited that the receipt of Transport Clearings' attorney in satisfaction of the judgment was attached thereto and made a part of the return. This receipt acknowledged receipt of the sum of $10,177.62 in payment and satisfaction of the judgment and costs in the attached execution.

Thus we see that the judgment dated October 24, 1974, in the amount of $9,548.00 which Transport was seeking to enforce against petitioner in the pending action was satisfied.[1] Payment or satisfaction of a judgment is a defense to an action thereon. 50 C.J.S. Judgments § 855c (1947). Even assuming, as alleged

in the complaint against petitioner, that the open account indebtedness was her obligation as well as her husband's, the satisfaction of the judgment against her husband discharged her. Restatement of Judgments § 95 (1942); 50 C.J.S. Judgments § 758. As stated in *Perry v. Oliver*, 317 Mass. 538, 59 N.E.2d 192 (1945):

> "The reason for this rule is plain. Although there are several obligors there is but one debt; therefore the satisfaction of the debt, or of the judgment against one for it, necessarily discharges all." 59 N.E.2d at 193.

Transport Clearings, the judgment creditor, was the purchaser at the sheriff's sale and bid the whole amount due under the judgment. Under these circumstances, the judgment was satisfied in full. 49 C.J.S. Judgments § 573b(1).

It appears that Transport Clearings' complaint is that it was of the belief that the real property levied upon belonged to the judgment debtor alone rather than to him and petitioner. However, it made no attempt to seek vacation of the entry of satisfaction, a remedy available to it under appropriate circumstances. See 49 C.J.S. Judgments § 584a.

Petitioner having established that the judgment alleged in the complaint against her had been satisfied, was entitled to a dismissal on the merits. We therefore vacate the order denying her motion and direct the respondent court to enter an appropriate order consistent herewith.

HOWARD, C. J., and KRUCKER, J., concur.

---

1. Several months after the execution sale, Elzie Shirley filed a motion to set aside the post-judgment proceedings and his motion was denied, the court finding that the proceedings as to Elzie Shirley were in proper form and that since petitioner was not a party, the

Sheriff had authority only to levy on the community interest of Elzie Shirley and could not bind the interest of his wife. No appeal was taken from this order which therefore has become final.