640 P.2d 205

**ARIZONA PROPERTIES MARKETING CO., INC., an Arizona corporation, Plaintiff/Appellee,**

v.

**Robert D. ALLEN and Edda Allen, husband and wife, Defendants/Appellants.**

No. 2 CA–CIV 4158.

Court of Appeals of Arizona, Division 2.

Dec. 30, 1981.

Rehearing Denied Jan. 20, 1982.

Review Denied Feb. 2, 1982.

Scheff & Botwin by S. Leonard Scheff, Tucson, for plaintiff/appellee.

Russo, Cox, Dickerson & Sylvester, P. C. by Karl MacOmber, Tucson, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

The appellants, Robert D. and Edda Allen, husband and wife, were co-defendants with Pioneer National Title Insurance Co., Inc. in the trial court. The plaintiff-appellee, Arizona Properties Marketing Co., Inc., obtained jury verdicts against the defendants in different amounts—against appellants for $81,000 and against Pioneer for $4,350. Both of these verdicts were for compensatory damages. The jury also returned a verdict against appellants for $5,000 punitive damages and another separate verdict against them for $2,500 actual damages. The $81,000 verdict was for the plaintiff's breach of contract claim; the $2,500 verdict for its conversion claim.

On January 26, 1976, a judgment in favor of plaintiff-appellee was entered as follows: against appellants Allen for $83,500 and $5,000 punitive damages; against Pioneer for $4,350.

On January 30, the appellee filed a motion to amend judgment, which was subsequently granted. In the motion the appellee asked that the judgment against Pioneer be amended by increasing it to $71,000. The memorandum accompanying the motion contained the following argument:

"... The verdicts returned by the jury make it clear that the jury found in favor of the plaintiff and against the defendants on all counts. The jury further rejected the defendant Pioneer's defense of contributory negligence. What is not clear is how the jury arrived at the figure of $4,350 as damages against the defendant Pioneer. It is the guess of plaintiff that the jury added up all of the fees received by Pioneer in the different transactions and awarded them to plaintiff. This was obviously done not on the urging of any of the parties to the case, but because the jury failed to understand that they could have awarded the same damages against the defendant Pioneer that they had previously awarded to plaintiff against the defendants Allen. The problem which caused the jury to enter a verdict of this nature began when the Court rejected plaintiff's proffered Instruction # 14 which would have given the jury to understand that the same damages can be found against more than one party on a joint basis. There can be no dispute in the evidence that both the defendant Allen and Pioneer contributed to the same set of damages, i.e., the loss of at least $71,000 and interest by the plaintiff. The only logically consistent result in this case is that not less than $71,000 should be awarded (sic) both the defendants Allen and Pioneer. Plaintiff in this case could argue that the additional $10,000 of actual damages found as against the defendant Allen could be assessed Pioneer. This Court can find as a matter of law for the record that given the fact that Pioneer is negligent and that the plaintiff was not contributorily negligent, Pioneer is liable to the plaintiff in the amount of $71,000.

It is the only possible view that all defendants caused the plaintiff damages. Thus, both parties should be liable to the plaintiff for that portion of the damages indisputably caused by the joint acts of both."

On April 5, the trial court entered an amended judgment against Pioneer in the amount of $71,000. This judgment was entered pursuant to the minute entry of the same date, which ordered that the original judgment against Pioneer for $4,350 would be set aside and the amended judgment entered. In that minute entry the trial court relied upon the holding of our supreme court in *Banner Realty, Inc. v. Turek*, 113 Ariz. 62, 546 P.2d 798 (1976), which held that where the amount of damages was subject to arithmetic computation once

liability was established, error by the jury in its verdict as to the amount of damages could be corrected by the court to show the proper amount. In *Turek* there were also two defendants and the jury had returned verdicts as to each in an amount equal to one-half the amount to which the plaintiff was entitled.

■ Thus from the appellee's own argument which resulted in the greater verdict against Pioneer and the court's reasoning as expressed in its ruling we can be certain that the $71,000 judgment against Pioneer was for actual damages also included in the $83,500 judgment against appellants. Payment of the Pioneer judgment would satisfy $71,000 of the judgment against appellants. *Shirley v. Mahoney*, 26 Ariz.App. 498, 549 P.2d 593 (1976).

This is exactly what happened. The appellee satisfied the Pioneer judgment on August 22, 1979.

This appeal is from the trial court's denial of the appellants' "motion to amend judgment," filed February 27, 1981. In that motion the appellants prayed that the appellee be required to satisfy the judgment against them to the extent of the $71,000 satisfaction in favor of Pioneer.

The appellants are entitled to this relief.

■ The appellants' motion stated that it was filed pursuant to Rule 60(a), Arizona Rules of Civil Procedure, 16 A.R.S. This rule provides for correction of clerical mistakes in a judgment. The applicable rule is Rule 60(c)(5), the judgment having been partially satisfied. The hearing on the motion was not reported so we have no transcript in the record. Where the relief to which appellants were entitled is so evident, we believe the trial court should have considered the motion as one seeking relief under Rule 60(c)(5). *See Snowden v. D. C. Transit System, Inc.*, 454 F.2d 1047 (D.C. Cir.1971).

■ The appellee argues that the trial court could have denied relief by finding that the motion was not filed within a reasonable time as required by the rule. In view of the relief sought, and considering

that the appellee is attempting to collect twice for the same damage, we do not believe the trial court could have made such a finding without abusing its discretion.

■ The appellee also argues that since the appellants had previously filed a motion to amend the judgment for a different reason they are somehow now precluded from obtaining relief through this second motion. This contention has no merit. The previous motion was filed May 2, 1977. At that time the appellee had not satisfied the amended judgment against Pioneer.

The appellants also sought some other relief in the trial court, the nature of which is unclear from the record before us, but the only issue raised on appeal is their right to be credited with the satisfaction of $71,000 of the judgment against them, together with applicable interest. We agree that they are entitled to such relief.

Reversed and remanded with directions to grant appellants appropriate relief.

HATHAWAY, C. J., and HOWARD, J., concur.