McGuire, Thomas F., J.
The defendants, Stephen J. Prosky, Karen Monteiro and Joan Stormo (the Pro-skys), have moved for relief from judgment, pursuant to rule 60(b)(5) of the Massachusetts Rules of Civil Procedure, on grounds that the judgment against them has been satisfied. They contend that their former attorney, Peter T. Clark, paid the plaintiff, K.G.M. Custom Homes, Inc. (KGM), $595,000.00 in settlement of a claim KGM brought against Clark for the same loss that resulted in the judgment against them in this action. The Proskys seek to have the amount paid to KGM by their former attorney credited against the judgment entered against them.
PRIOR PROCEEDINGS
KGM recovered a j udgment against the Proskys in this action for breach of a contract for the sale of land. After review by the Appeals Court, K.G.M Custom Homes, Inc. v. Prosky, 81 Mass.App.Ct. 1118 (2012) (unpublished), and by the Supreme Judicial Court, S.C., 468 Mass. 247 (2014), damages were established at $375,483.66.[1]
This court found that the Proskys, attorney, Peter Clark, engaged in conduct that prevented the parties’ real estate closing from being completed. The court found that the Proskys were liable for a breach of contract based on Clark’s actions. The court allowed KGM to elect between specific performance of the contract and an award of money damages. KGM chose to receive money damages under a contract provision that required the Proskys to pay “as liquidated damages, a sum of money equal to all charges and fees paid by [KGM] in connection with this transaction, including but not limited to, attorneys fees.”[2]
While this case was pending, KGM brought a separate action against Attorney Clark, alleging that his actions leading up to and at the real estate closing violated G.L.c. 93A. Civil Action No. 2010BRCV- *582 01084. KGM sought damages personally against Clark based on lost profits of $2,815,867.00.
Clark settled KGM’s claim against him for $595,000.00. KGM gave Clark a general release of liability acknowledging payment of the settlement amount.[3] The release contains the following language:
PROVIDED HOWEVER that nothing in this agreement shall be construed to release any of the claims asserted in, or in any other way affect or impact, the matter K.G.M. Custom Homes, Inc. v. Stephen Prosky, Bristol Superior Court, Docket Number 2004-1414 and all proceedings relating thereto including appellate proceedings and further proceedings on remand.
Defendants’ Supp. Memo., Exh. B.
KGM and Clark filed a stipulation of dismissal of the action against Clark.
KGM now seeks to collect its judgment against the Proskys in the amount of $375,483.66, plus interest and costs, in addition to the $595,000.00 paid by Clark.
ANALYSIS
The Proskys seek relief from the judgment entered against them in this action under the following rule:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application . . .
Mass.R.Civ.P. 60(b).
Under the “one satisfaction” rule, a claimant may collect damages for a loss only once, regardless of how many parties may be liable for the loss. “It is settled law that the satisfaction of a judgment against one of several co-obligors discharges the others . . . The reason for this rule is plain. Although there are several obligors there is but one debt, therefore the satisfaction of the debt; or of a judgment against one for it, necessarily discharges all.” Perry v. Oliver, 317 Mass. 538, 540 (1945) (discharge of one co-borrow discharges both). Where multiple claims are for “[cjommon damages stemming from an indivisible harm ... a party ‘can have but one satisfaction for the same injury.’ ” Short v. Marinas USA Limited Partnership, 78 Mass.App.Ct. 848, 858 (2011), quoting Murray v. Lovejoy, 17 Fed.Cas. 1052, 1055 (D.Mass. 1863). The rule applies to cases such as this in which both a principal and agent are liable based on a breach of contract. New England Structural Company v. James Russell Boiler Works Company, 231 Mass. 274, 277-78 (1918) (unpaid seller “could pursue its remedy concurrently against the agents and the principal, but could have but one satisfaction of its demands”).
The Proskys contend that they are entitled to a credit for the amount paid to KGM by Clark because their liability is based on the actions of Clark. They maintain that absent a credit, KGM will recover twice for a single loss. KGM contends that collection of both the judgment against the Proskys and'the settlement paid by Clark will not result in double recovery because the damages awarded in the action against the Proskys were limited to liquidated damages by their contract. According to KGM, its lost profits amount to $ 2,815,867.00, which exceeds the amount of the judgment against the Proskys ($375,483.66) combined with the settlement amount paid by Clark ($595,000.00).
The primary issue in dispute is whether KGM’s loss has been satisfied by Clark’s payment. The parties define the loss differently. The Proskys contend that KGM’s loss is the amount of liquidated damages due under the purchase and sale agreement. KGM contends that its loss is measured by lost profits, without regard to the liquidated damages clause.
KGM and the Proskys explicitly agreed that in case of a breach of contract by the Proskys, KGM’s loss would be calculated under the liquidated damages provision in their contract. It would be inequitable to allow KGM to ignore the agreement it freely made or to deny the Proskys the benefit of the provision for which they bargained. Accordingly, the court concludes that the amount due from the Proskys must be calculated using the amount of liquidated damages ($375,483.66) as the total amount of KGM’s loss, even though KGM’s claim against Clark may have exceeded that amount. The amount paid by Clark must therefore be credited against the amount owed by the Proskys. The reservation of rights language in KGM’s release of Clark does not alter the Proskys’ rights because they were not parties to that agreement.
At the hearing on their motion, the Proskys clarified that they sought a credit against the entire judgment entered against them, including interest, rather than a credit against damages prior to the calculation of interest. Since that method of calculation is more favorable to KGM, the court need not determine if it is legally required.
ORDER
The defendant’s motion to apply a credit in satisfaction of the judgment (Paper #99) is ALLOWED. The total amount of the judgment against the defendants, including interest and costs, shall be reduced by $595,000.00.

 The Supreme Judicial Court reversed this court’s award of attorneys fees to the plaintiff but otherwise affirmed the judgment.

 Although the contract refers to “liquidated damages,” in substance this clause limits KGM to its reliance damages and excludes expectation damages (i.e. lost profits).

 Gregoiy Mills, the president of KGM, has filed an affidavit acknowledging the receipt of the settlement funds.